UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

Case No. _____

| | |
|---|---|
| NATALIE STEVENSON and MISTY DEW, on Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>P.T.G. ENTERTAINMENT, INC., and BOOBY TRAP, INC.,<br><br>Defendants. | **COMPLAINT – COLLECTIVE ACTION**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs Natalie Stevenson and Misty Dew ("Plaintiffs") brings this action on behalf of herself and all others similarly situated against the above-captioned defendants P.T.G. ENTERTAINMENT, INC. and BOOBY TRAP, INC. ("Defendants"), and upon information and belief states:

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1332 because this action involves a federal question, specifically 29 U.S .C. § 216(b).

2. Venue is proper in this Court pursuant to 28 U.S.C. §1391 in that many of the acts and transactions giving rise to this action occurred in this District and because Defendants:

    (a)   is authorized to conduct business in this District and has intentionally availed itself of the laws and markets within this District through the promotion, marketing, distribution and sale of its products in this District;

    (b)   does substantial business in this District; and

    (c)   is subject to personal jurisdiction in this District.

## PARTIES

3. At all times relevant to this matter, Plaintiffs resided and continue to reside in this District.

4. Defendant P.T.G. ENTERTAINMENT, INC. is a Florida corporation with its principal place of business located at 2840 HAMMONDVILLE RD., POMPANO BEACH, FL 33069.

5. Defendant BOOBY TRAP, INC. is a Florida corporation with its principal place of business located at 2840 HAMMONDVILLE RD. POMPANO BEACH, FL 33069.

## FACTUAL ALLEGATIONS

6. Defendants own and operate the adult entertainment club called the "Booby Trap," which is located at 2840 Hammondville Rd., Pompano Beach, FL 33069.

7. Defendants are "employers" involved in interstate commerce within the meaning of the FLSA, codified at 29 U.S.C. § 201, et seq. In addition, Defendants are or were, at all times mentioned herein, enterprises engaged in commerce or in the production of goods for commerce as defined in Section 3(r) of the Act (29 U.S.C. § 203(r) and 203(s)).

8. Plaintiffs are Defendants' employees and work at the Booby Trap. Plaintiff Stevenson has worked at the Booby Trap as an adult entertainer / dancer since February 2015. Plaintiff Dew has worked at the Booby Trap as a non-dancer employee since July 2014.

9. Plaintiffs were deprived compensation to which they were entitled through the following singular practices, decisions or plans of Defendants:

    (a) Requiring adult entertainers and other employees to work without compensation;

    (b) Requiring adult entertainers and other employees to perform work without compensation during times for which they could not receive tips;

    (c) Refusing to compensate adult entertainers one and one half times minimum wage when their total hours worked exceeded 40 hours.

    (d) Requiring adult entertainers to share tips with non-tipped employees; and

    (e) Requiring adult entertainers to pay fees for the right to work.

10. At all times in the three years preceding the filing of the instant Complaint, Defendants have employed adult entertainers at the Booby Trap.

11. In the three years preceding the filing of the instant Complaint, Defendants have misclassified all adult entertainers at the Booby trap as "independent contractors."

12. In the three years preceding the filing of the instant Complaint, Defendants have not required the adult entertainers to have specialized training, background or education.

13. Defendants established specific work schedules. Additionally, Defendants dictated the specific times and manner in which the adult entertainers interacted with customers and danced on stage. Plaintiffs were subject to the policies of Defendants outlined in this paragraph.

14. Defendants required the adult entertainers, including Plaintiffs, to wear specific types of attire while performing, required them to attend unpaid staff meetings, and financed all advertising and licensing related to the business. Plaintiffs were subject to the policies of Defendants outlined in this paragraph.

15. In Defendants required that the adult entertainers, including Plaintiffs, pay a specific amount, often referred to as a "house fee" or "bar fee," to qualify to work any given shift. The "house fee" or "bar fee" varied from shift to shift, depending on the shift and the event promoted by Defendants. All named Plaintiffs were subject to the policies of Defendants outlined in this paragraph.

16. Adult entertainers, including Plaintiffs, were fined for not showing up for a scheduled shift. Adult entertainers who notified Defendants that they would be unable to work a shift were fined by Defendants. Adult entertainers who failed to "call in" prior to a scheduled shift were fined by Defendants. Plaintiffs were subject to the policies of Defendants outlined in this paragraph.

17. Defendants required adult entertainers, including Plaintiffs, to pay a specific "Disc Jockey" fee at the instruction of all Defendants. The amounts required to be paid by the adult

entertainers varied from event to event and night to night. All named Plaintiffs were subject to the policies of Defendants outlined in this paragraph.

18. Defendants required adult entertainers to pay a percentage of all gratuities received back to the Booby Trap. All named Plaintiffs were subject to the policies of Defendants outlined in this paragraph.

19. Defendants required adult entertainers to permit security staff to retrieve all gratuities received from stage dancing and individual "table dances" and to transport said gratuities to Defendants' office to be counted and distributed at the end of the work shift. Adult entertainers were not given a true and verifiable accounting of the gratuities transported from the stage of the floor to the office or count room. At the end of a work shift, Booby Trap management distributed the gratuities to the dancers. This distribution was often less than the amount believed to have been earned by the adult entertainers and reduced the amount each adult entertainer, including Plaintiffs, actually earned.

20. Defendants required that all single dollar bills earned by the adult entertainers, including Plaintiffs, be returned to the Defendants and exchanged for larger bills. Adult entertainers were often charged a fee for returning the single bills.

21. The fees described above constitute illegal tip sharing arrangements with non-tipped employees. Further, the fees described above represent illegal kickbacks within the meaning of the FLSA.

22. Defendants have never paid the adult entertainers, including Plaintiffs, any amount as wages. The adult entertainers' sole source of work-related income during their employment with the Defendants was gratuities received from paying customers.

23. Because Defendants did not pay an earned wage to adult entertainers, Defendants did not pay adult entertainers one and one half times their regular rate of pay when Plaintiffs exceeded forty hours worked in any given work week.

24. Defendants knew or should have known that misclassifying Plaintiffs as "independent contractors" instead of the appropriate employee designation was a violation of the FLSA. As a result, Defendants failed to pay the required minimum wage and failed to pay overtime wages as required by the FLSA.

25. Defendants' above-mentioned actions, policies and practices of not paying Plaintiffs and other similarly situated persons compensation for work performed was in violation of the FLSA.

26. Plaintiffs are informed and believe, and based thereon allege, that each and every one of the acts and omissions asserted herein was performed by, and/or is attributable to Defendants acting as agents and/or employees, and/or under the direction and control of Defendants, and that said acts and failures to act were within the course and scope of said agency, employment and/or direction and control, and were committed willfully within the meaning of the FLSA.

27. As a direct and proximate result of the unlawful actions of Defendants, Plaintiffs and persons similarly situated have suffered, and continue to suffer, from loss of earnings as yet to be ascertained, but subject to proof at trial, in amounts in excess of the minimum jurisdiction of this Court.

## COLLECTIVE ACTION ALLEGATIONS

28. As alleged herein, Defendants are liable under the FLSA for willfully failing to properly compensate Plaintiffs and all other similarly situated current and former adult entertainers employed by Defendants during the three year period prior to commencement of this action, and as

such, notice should be sent to past and present adult entertainers employed by Defendants during the three year period prior to initiation of this action, pursuant to 29 U.S.C. § 216(b).

29.   As alleged herein, Defendants deprived Plaintiffs and other similarly situated adult entertainers of compensation to which they are entitled through the following singular practices, decisions or plans:

    (a)   Requiring adult entertainers and other employees to work without compensation;

    (b)   Requiring adult entertainers to perform work during times for which they could not receive tips without compensation;

    (c)   Refusing to compensate adult entertainers one and one half times minimum wage when their total hours worked exceeded 40 hours;

        (i)   Requiring adult entertainers to share tips with non-tipped employees; and

    (d)   Requiring adult entertainers to pay fees for the right to work.

30.   Based thereon, Defendants have repeatedly and intentionally engaged in a similar practice, commonly and typically applied to the class of adult entertainers, of improperly depriving compensation to which such adult entertainers are entitled under the FLSA.

31.   Questions that are common among the FLSA Collective Action members include, but are not limited to:

    (a)   whether Defendants have and continue to unlawfully refuse to pay adult entertainers proper compensation, in violation of the FLSA, 29 U.S.C. § 201, *et seq.*, for all work performed;

(b) whether Defendants have and continue to unlawfully refuse to pay adult entertainers proper overtime compensation, in violation of the FLSA, 29 U.S.C. § 201, et seq., through the aforementioned policies and practices;

(c) whether Defendants' failure to pay such proper compensation is willful within the meaning of the FLSA.

32. There are numerous similarly situated current and former adult entertainers employed by Defendants in venues owned and/or operated by Defendants who have been subject to the same policies and practices alleged herein, in violation of the FLSA, and who would benefit from the issuance of a Court-supervised notice of the present lawsuit and the opportunity to join in the present lawsuit. Those similarly situated employees are known to Defendants, and are readily identifiable by Defendants' records.

33. Plaintiffs consented to sue in this action pursuant to 29 U.S.C. § 216(b). Additional potential collective action members may execute and file forms consenting to opt-in to join as a plaintiff in the instant action. Copies of the Plaintiffs' Notices of Consent are attached hereto as Exhibit 1.

34. Plaintiffs, on behalf of themselves and other similarly situated current and former employees, bring this collective action against Defendants under the FLSA, 29 U.S.C. § 201, et seq. for failure to pay minimum wage and overtime compensation.

35. Plaintiffs and others similarly situated (the "FLSA Collective"), are individuals who are current and former adult entertainer employees of Defendants within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).

## COUNT I

### Failure to pay Wages in
### Violation of the Minimum Wage Provision of FLSA
### (Against all Defendants)

36. Plaintiffs reallege and incorporate by reference the allegations contained in the paragraphs above as if fully set forth herein.

37. This claim arises from Defendants' willful violation of the FLSA for failure to pay a minimum wage to Plaintiffs and the FLSA Collective.

38. At all times relevant, Defendants have been, and continue to be, "employers" engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 201, *et seq*. These Defendants have employed and continue to employ adult entertainers, including named Plaintiffs and members of the FLSA Collective, who engage or engaged in commerce or in the production of goods for commerce. At all times relevant, upon information and belief, these Defendants have had annual gross sales or done business in excess of $500,000.00.

39. The minimum wage provisions of the FLSA apply to Defendants and protect Plaintiffs and the FLSA Collective. Defendants were required to compensate all adult entertainers for all work performed as non-exempt employees.

40. Pursuant to the FLSA, 29 U.S.C. § 206, Plaintiffs and the FLSA Collective were entitled to be compensated at a rate of $7.25 per hour.

41. Defendants were not allowed to avail themselves of the federal tipped minimum wage rate under the FLSA because Defendants provided no notice to adult entertainers of its intention to

take a tip credit and because Plaintiffs were required by Defendants to pool tips with non-tipped employees, specifically members of the management staff of the Booby Trap.

42. Defendants pursuant to its policies and practices, refused and failed to pay a minimum wage to Plaintiffs and the FLSA Collective.

43. Such acts were committed knowingly and willfully, within the meaning of 29 U.S.C. § 255(a), with a conscious disregard for the rights of the Plaintiffs and persons similarly situated under federal wage and hour laws, by which such acts have deprived the Plaintiffs and persons similarly situated of their property and legal rights.

44. As a result of the aforementioned violations, Plaintiffs and potential collective action members have suffered, and continue to suffer, substantial losses related to the use and enjoyment of such wages, lost interest on such wages, and have incurred expenses and attorney's fees in seeking to compel Defendants to fully perform their obligations under the law, all to their respective damage in amounts according to proof at the time of trial, but in excess of the minimum jurisdiction of this Court.

45. Pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*, and including, 29 U.S.C. § 216(b), Plaintiffs are legally entitled to recover unpaid wages at their regular rate, plus interest, liquidated damages, attorney's fees, and costs of suit.

## COUNT II

### Failure to Pay Overtime Wages in Violation of the Overtime Provisions of the FLSA, 29 U.S.C. § 201, *et seq.* (Against all Defendants)

46. Plaintiffs reallege and incorporate by reference the allegations contained in the paragraphs above as if fully set forth herein.

47. Pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*, Defendants are and/or were required to compensate all non-exempt employees for all overtime work performed at a rate of pay not less than one and one half the regular rate of pay for work performed in excess of 40 hours in a work week.

48. Defendants pursuant to its policies and practices, refused and failed to pay any wage at all to Plaintiffs and the FLSA Collective, including failing to pay a rate of not less than one and one half the regular rate of pay when Plaintiffs and the FLSA Collective worked in excess of 40 hours in a work week.

49. Such acts were committed knowingly and willfully, within the meaning of 29 U.S.C. § 255(a), and with a conscious disregard of the rights of the Plaintiffs and persons similarly situated under federal wage and hour laws, and such acts have deprived Plaintiffs and persons similarly situated of their property and legal rights.

50. As a result of the aforementioned violations, Plaintiffs and potential collective action members have suffered, and continue to suffer, substantial losses related to the use and enjoyment of such wages, lost interest on such wages, and have incurred expenses and attorney's fees in seeking to compel Defendants to fully perform its obligations under the law, all to their respective damage in amounts according to proof at the time of trial, but in excess of the minimum jurisdiction of this Court.

51. Pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*, and including, 29 U.S.C. § 216(b), Plaintiffs are legally entitled to recover unpaid balances of overtime compensation, plus interest, liquidated damages, attorney's fees, and costs of suit.

WHEREFORE, Plaintiffs pray judgment against Defendants, and each of them, as set forth herein below.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for a judgment:

A.      Issuance of notice pursuant to 29 U.S.C. § 216(b) as soon as possible to all adult entertainers who worked for Defendants during any portion of the three years immediately preceding the filing of the instant Complaint. Generally, this notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt-in to this lawsuit;

B.      Judgment against Defendants for an amount equal to Plaintiffs' unpaid back wages, overtime pay and unlawful kickbacks;

C.      Judgment against Defendants as their violations of the various provisions of FLSA were willful;

D.      An amount equal to the unpaid wages and kickback damages as liquidated damages;

E.      An award of prejudgment interest;

F.      All costs and attorney's fees incurred in prosecuting these claims;

G.      Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues so triable.

DATED:  August 27, 2015                     CULLIN O'BRIEN LAW, P.A.
                                            CULLIN A. O'BRIEN
                                            Florida Bar No. 597341


                                            _____
                                               *s/Cullin O'Brien*
                                            CULLIN O'BRIEN

- 12 -

6541 NE 21st Way
Ft. Lauderdale, FL  33308
Telephone:  561/676-6370
561/320-0285 (fax)
cullin@cullinobrienlaw.com


LAW OFFICES OF DENZLE G LATTY ESQ
DENZLE G. LATTY
Florida Bar No. 578959
746 NE 3rd Ave
FT. LAUDERDALE, FLORIDA 33304
denzle.latty@dlattylaw.com
(954) 888-8998; 954-888-8991 (FAX)

Attorneys for Plaintiffs and the Class